IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Criminal Action No. 3:04-cr-147

JOHN J. KANARD,

Petitioner.

## OPINION

John J. Kanard, a federal inmate proceeding with counsel, brings this 28 U.S.C. § 2255 motion arguing that *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his conviction under 18 U.S.C. § 924(c) and his designation as a career criminal. (Dk. No. 40.) The government moved to dismiss the § 2255 motion. (Dk. No. 48.) As discussed below, the Court will grant the government's motion to dismiss because Kanard's claims lack merit.[1]

## I. BACKGROUND

On July 21, 2004, a grand jury charged Kanard with: two counts of interference with commerce by violence ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951 (Counts One and Three); discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Four); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). (Dk. No. 3.)[2] The "crimes of violence" underlying Counts Two and Four were Hobbs Act robberies allegedly committed on March 8, 2004, and March 3, 2004, respectively. Kanard pled guilty to Counts One and Two.

---

[1] Because the Court will grant the government's motion on other grounds, the Court need not reach the question of timeliness.

[2] The July 21, 2004, indictment superseded Kanard's original indictment dated May 19, 2004. The original indictment included only Counts One through Four. (Dk. No. 1.)

The Court determined that Kanard qualified as a career offender under §§ 4B1.1 and 4B1.2 of the United States Sentencing Guidelines based on his prior convictions for felony bodily injury by a prisoner and felony bodily injury. Kanard says that without a career offender enhancement, his Guidelines range would have been 51 to 63 months on Count One instead of 271 to 308 months.[3] On December 6, 2005, the Court sentenced Kanard to a total of 271 months of imprisonment. (Dk. No. 36.)

Kanard filed a § 2255 motion on June 24, 2016, asking the Court to vacate his conviction under Count Two and to hold the motion in abeyance pending a decision from the Fourth Circuit on whether the ruling in *Johnson* applies to convictions under § 924(c). On October 3, 2016, the government moved to dismiss Kanard's challenge to his § 924(c) conviction. The government also requested that the Court hold Kanard's related challenge to his career offender designation in abeyance pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). Kanard responded to the motion on October 26, 2016, and renewed his request that the Court hold his § 2255 motion in abeyance in light of pending Fourth Circuit litigation and the Supreme Court's decision to grant certiorari on a similar matter in *Session v. Dimaya*, 138 S. Ct. 1204 (2018). Kanard joined the government in asking the Court to hold his challenge to his career offender designation in abeyance pending a decision in *Beckles*.

On October 31, 2016, the Court granted the parties' requests to hold the motions in abeyance. On July 16, 2018, the Court stayed all motions pending the Fourth Circuit's decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), which was issued on January 24, 2019. On June 24, 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). As

---

[3] Kanard was also subject to a consecutive 120-month mandatory minimum sentence on Count Two.

*Davis* was "the last *Johnson* domino to fall," *Simms*, 914 F.3d at 252, the Court will now decide these motions.

## II. ANALYSIS

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")[4]] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The *Johnson* Court found the definition of a "violent felony" in the ACCA's residual clause unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 2557-58. In *Beckles*, the Court held that *Johnson* did not invalidate the identical residual clause of U.S.S.G. § 4B1.2 because the Guidelines are not subject to a vagueness challenge under the Due Process Clause. 137 S. Ct. at 892. Most recently, the Fourth Circuit in *Simms*, 914 F.3d at 236, and the Supreme Court in *Davis*, 139 S. Ct. at 2336, deemed the similar residual clause of 18 U.S.C. § 924(c) unconstitutionally vague.

### *A. Kanard's Challenge to His Firearm Conviction*

Kanard says that the "residual clause" of § 924(c)(3) is unconstitutionally vague and that Hobbs Act robbery does not qualify as a crime of violence under the "elements clause" of § 924(c)(3). Accordingly, Kanard asserts that Hobbs Act robbery cannot constitute a crime of violence, so the Court must vacate his conviction for Count Two.

---

[4] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1).

3

Section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The law requires a minimum prison term of five years, which increases to seven if the defendant brandishes the firearm and ten years if the defendant discharges the firearm. *Id.* § 924(c)(1)(A). An underlying offense constitutes a crime of violence under § 924(c)(3) if it is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "elements clause")], or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

*Id.* § 924(c)(3). As explained below, Hobbs Act robbery constitutes a crime of violence under the elements clause.

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do." *Id.* § 1951(a). The statute defines "robbery" as

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, **by means of actual or threatened force, or violence, or fear of injury**, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1) (emphasis added).

The Fourth Circuit has not reached the issue of whether Hobbs Act robbery satisfies the elements clause. Nevertheless, a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, 139 F. Supp. 3d 734, 738 (E.D. Va. 2015) (citation omitted). "Fear is the operative element facilitating the taking," and "any act or threatened act which engenders a fear of injury implicates force and potential violence." *Id.* at 739; *see also United States v. Castleman*, 572 U.S. 157, 174 (2014) (Scalia, J.

4

concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force. Accordingly, consistent with this Court's earlier decisions[5] and decisions of eight courts of appeal,[6] the Court finds that Hobbs Act robbery constitutes a categorical crime of violence under the elements clause of § 924(c)(3).

The Fourth Circuit's decision in *Simms* and the Supreme Court's decision in *Davis* do not alter this conclusion. In *Simms*, the defendant argued that Hobbs Act conspiracy did not constitute a "crime of violence" under section § 924(c)(3). 914 F.3d at 232. The Fourth Circuit agreed that, "conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [elements clause]" because "[s]uch an agreement does not invariably require the actual, attempted, or threatened use of physical force." *Id.* at 233-34. Thereafter, the Fourth Circuit deemed the residual clause of § 924(c)(3) void for vagueness. *Id.* at 236. Similarly, in *Davis*, the Supreme Court resolved a circuit split by deeming the residual clause of § 924(c)(3) unconstitutionally vague. 139 S. Ct. at 2325, 2336.

For the Court to uphold Kanard's § 924(c) conviction, the underlying offense must be a valid crime of violence under the elements clause. Kanard's underlying offense is Hobbs Act robbery. As explained above, unlike conspiracy to commit Hobbs Act robbery, Hobbs Act robbery

---

[5] *See, e.g., United States v. Hill*, No. 3:11-cr-49, 2019 WL 2305148, at *3 (E.D. Va. May 30, 2019); *United States v. Tillery*, No. 3:10-cr-223, 2019 WL 2078777, at *3 (E.D. Va. May 10, 2019); *United States v. Carter*, No. 3:13-cr-04, 2019 WL 321407, at *10 (E.D. Va. Jan. 24, 2019).

[6] *See, e.g., United States v. St. Hubert*, 909 F.3d 335, 353 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1066 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

is a valid crime of violence under the elements clause because it invariably requires the actual, attempted, or threatened use of physical force. Accordingly, Kanard's § 2255 claim lacks merit and will be dismissed.

### B. Kanard's Challenge to His Career Offender Designation

Kanard argues that *Johnson* invalidates his designation as a career offender based on his prior convictions for felony bodily injury by a prisoner and felony bodily injury. Under the Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*United States Sentencing Guidelines Manual* § 4B1.1(a) (U.S. Sentencing Comm'n 2005). At the time of Kanard's sentencing, the Guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [("the elements clause"); or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [("the enumerated offense clause")], or *otherwise involves conduct that presents a serious potential risk of physical injury to another* [("the residual clause")].

*Id.* § 4B1.2(a) (emphasis added).

Kanard first argues that if the Court vacates his § 924(c) conviction because Hobbs Act robbery is not a crime of violence, then he will no longer be a career offender. *See id.* § 4B1.1(a)(2). This argument fails because Hobbs Act robbery constitutes a crime of violence. *See supra* Part II.A. Kanard also argues that *Johnson* invalidated the residual clause of U.S.S.G. § 4B1.2(a). The Supreme Court, however, has held that "the Guidelines are not subject to a

6

vagueness challenge," so *Johnson's* holding does not apply to the residual clause of § 4B1.2(a)(2). *Beckles*, 137 S. Ct. at 892.

In any event, any such challenge to Kanard's base offense level under the Guidelines is not cognizable under 28 U.S.C. § 2255. *See United States v. Foote*, 784 F.3d 931, 939-43 (4th Cir. 2015) (holding that a career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence); *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999) (explaining that "[b]arring extraordinary circumstances," an error in the application of the sentencing guidelines is not cognizable in a § 2255 motion). Thus, Kanard's challenge to his career offender designation lacks merit and will be dismissed.

### III. CONCLUSION

The Court will grant the government's motion to dismiss and will deny the § 2255 motion. (Dk. Nos. 40, 48.) The Court will dismiss Kanard's claims and this action.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A court will not issue a COA unless a prisoner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Kanard has not satisfied this standard. Accordingly, the Court will not issue a COA.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 25 July 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge